**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

-------------------------------------x

JOHN T. CORPAC, an individual; on behalf of himself and all others similarly situated,

    Plaintiffs,

vs.

ASSET MAXIMIZATION GROUP, INC., a New York Corporation; NEIL TIMESHWAR CHAN, Individually and in his Official Capacity; and JOHN AND JANE DOES NUMBERS 1 THROUGH 25,

    Defendants.

-------------------------------------x

CASE NO.:

**CLASS ACTION**

CV 12-1187

**COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

**DEMAND FOR JURY TRIAL**

SUMMONS ISSUED
WEXLER, J
LINDSAY, M.J.

## I. PRELIMINARY STATEMENT

1. Plaintiff, JOHN T. CORPAC ("CORPAC"), on behalf of himself and the class of all others similarly situated, brings this action for the illegal practices of the Defendants, ASSET MAXIMIZATION GROUP, INC. ("ASSETMAX") and NEIL TIMESHWAR CHAN ("CHAN",) who, *inter alia*, used false, deceptive, and misleading practices, and other illegal practices, in connection with its attempts to collect an alleged debt from the Plaintiff and others.

2. The Plaintiff alleges that the Defendants' collection practices violate the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA"). Such collection practices include, *inter alia*, Such practices include, *inter alia*:

    (a)    Engaging consumers and other persons in an attempt to collect debts and obtain information about consumers wherein ASSETMAX fails to disclose at the outset of those communications that a third person(s) is secretly monitoring and/or recording the communication;

(b) Leaving telephonic voice messages for consumers, which fail to provide meaningful disclosure of ASSETMAX's identity;

(c) Leaving telephonic voice messages for consumers, which fail to disclose the purpose or nature of the communication (i.e. an attempt to collect a debt); and

(d) Leaving telephonic voice messages for consumers, which fail to disclose that the call is from a debt collector.

3. The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy. Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. § 1692(a) - (e).

4. The FDCPA is a strict liability statute, which provides for actual or statutory damages upon the showing of one violation. The Second Circuit has held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "least sophisticated consumer." *Clomon v. Jackson*, 988 F.2d 1314 (2d Cir. 1993).

5. To prohibit harassment and abuses by debt collectors the FDCPA, at 15 U.S.C. § 1692d, provides that a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt and names a non-exhaustive list of certain *per se* violations of harassing and abusive collection

conduct. 15 U.S.C. § 1692d(1)-(6). Among the *per se* violations prohibited by that section are: the placement of telephone calls without meaningful disclosure of the caller's identity, 15 U.S.C. § 1692d(6).

6. To prohibit deceptive practices, the FDCPA, at 15 U.S.C. § 1692e, outlaws the use of false, deceptive, and misleading collection activities and names a non-exhaustive list of certain *per se* violations of false and deceptive collection conduct. 15 U.S.C. § 1692e(1)-(16). Among these *per se* violations prohibited by that section are: the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer, 15 U.S.C. § 1692e(10), the placement of telephone calls without meaningful disclosure of the caller's identity, 15 U.S.C. § 1692d(6) and the failure by debt collectors to disclose in initial oral communications that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, 15 U.S.C. § 1692e(11).

7. The Plaintiff, on behalf of himself and all others similarly situated, seeks statutory damages, attorney fees, costs, and all other relief, equitable or legal in nature, as deemed appropriate by this Court, pursuant to the FDCPA and all other common law or statutory regimes.

## II. PARTIES

8. CORPAC is a natural person.

9. At all times relevant to this lawsuit, CORPAC is a citizen of, and resided in, the Hamlet of South Setauket, Suffolk County, New York.

10. At all times relevant to this lawsuit, ASSETMAX is a for-profit corporation existing pursuant to the laws of the State of New York.

11. ASSETMAX maintains its principal business address at 204-08 Jamaica Avenue, Borough of Queens, County of Queens, State of New York.

12. Plaintiff is informed and believes, and on that basis alleges, that CHAN is a natural person who, at all times relevant to this complaint, resided in, and is a citizen of, the Borough of Queens, County of Queens, State of New York.

13. Defendants, JOHN AND JANE DOES NUMBERS 1 THROUGH 25, are sued under fictitious names as their true names and capacities are yet unknown to Plaintiff. Plaintiff will amend this complaint by inserting the true names and capacities of these DOE defendants once they are ascertained.

14. The Plaintiff is informed and believes, and on that basis alleges, that Defendants, JOHN AND JANE DOES NUMBERS 1 THROUGH 25, are natural persons and/or business entities all of whom reside or are located within the United States who personally created, instituted and, with knowledge that such practices were contrary to law, acted consistent with and oversaw policies and procedures used by the employees of ASSETMAX that are the subject of this Complaint. Those Defendants personally control the illegal acts, policies, and practices utilized by ASSETMAX and, therefore, are personally liable for all of the wrongdoing alleged in this Complaint.

### III. JURISDICTION & VENUE

15. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

16. Declaratory relief is available pursuant to under 28 U.S.C. §§ 2201, 2202.

17. Venue is appropriate in this federal district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events giving rise to the Plaintiff's claims occurred within this

federal judicial district, and because ASSETMAX is subject to personal jurisdiction in the State of New York at the time this action is commenced.

## IV. FACTS CONCERNING PLAINTIFF

18. Sometime prior to March 18, 2011, Plaintiff allegedly incurred a financial obligation ("The Corpac Obligation").

19. The Corpac Obligation arose out of a transaction in which the money, property, insurance, or services, which are the subject of the transaction, are primarily for personal, family, or household purposes.

20. Defendants contend that the Corpac Obligation is in default.

21. The alleged Corpac Obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

22. Plaintiff is, at all times relevant to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

23. Plaintiff is informed and believes, and on that basis alleges, that sometime prior to March 18, 2011, the creditor of the Corpac Obligation either directly or through intermediate transactions assigned, placed, transferred, or sold the debt to ASSETMAX for collection.

24. ASSETMAX collects, and attempts to collect, debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone, and Internet.

25. ASSETMAX is, at all times relevant to this complaint, a "debt collector" as defined by 15 U.S.C. § 1692a(6).

26. CHAN is a principal owner, officer, director, shareholder, and manager of ASSETMAX.

27. CHAN attempts to collect, debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone, and Internet.

28. CHAN personally implemented, and with knowledge such practices were contrary to law, acted consistent with, managed, and oversaw all of the illegal policies and procedures used by other employees of ASSETMAX that are the subject of this complaint.

29. CHAN is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

30. Plaintiff has never had a personal, consumer, business, or any other type of relationship with ASSETMAX.

31. Plaintiff has never been a client of ASSETMAX.

32. Plaintiff has never been a customer of ASSETMAX.

33. On March 11, 2011, Plaintiff contacted ASSETMAX via telephone and spoke with a debt collector employed by ASSETMAX ("3/11/11 Conversation") who attempted to collect a debt from Plaintiff.

34. During the 3/11/11 Conversation, the employee of ASSETMAX obtained substantial personal and private information about the Plaintiff including, but not limited to, his income, expenses, family, medical, and employment status.

35. At the beginning of, and throughout, the 3/11/11 Conversation, ASSETMAX asked Plaintiff to disclose his personal, private, financial, and other information.

36. The 3/11/11 Conversation is a "communication" as that term is defined by 15 U.S.C. § 1692a(2).

37. Unbeknownst to Plaintiff, ASSETMAX did in fact record the 3/11/11 Conversation without his knowledge or consent.

38. Plaintiff would not have spoken with ASSETMAX, or shared his personal and private financial and other information, had he known beforehand that the conversation was being recorded.

39. At no time during the 3/11/11 Conversation with Plaintiff did the debt collector employed by ASSETMAX ever disclose to Plaintiff that his telephone call was being recorded.

40. Within the one year immediately preceding the filing of this complaint, ASSETMAX contacted Plaintiff on his telephone in an attempt to collect the alleged Corpac Obligation.

41. In connection with its attempts to collect a debt from Plaintiff, ASSETMAX has left scores of live telephonic voice messages for Plaintiff on his home telephone answering machine ("Messages").

42. The Messages ASSETMAX left for Plaintiff uniformly failed to identify ASSETMAX by name as the caller.

43. The Messages ASSETMAX left for Plaintiff uniformly failed to disclose that the call was from a debt collector.

44. The Messages ASSETMAX left for Plaintiff uniformly failed to disclose the purpose or nature of the communication (i.e. an attempt to collect a debt).

45. By way of limited example, the following is a transcription of one such Message that ASSETMAX left for Plaintiff on his home telephone answering machine on February 18, 2012:

> "Hello this message is for John Corpac. John...ummm....if you're not John please hang up. This phone...indecipherable...if you are John please continue to listen to this message. John I need you to give me a call immediately and when you listen to this voicemail don't listen to this voicemail around other people because it...uh...contains personal and important information. Please return my phone call immediately at 1-800-

280-9770 extension 308. Thank you."

46. Each of the Messages was left by persons employed by ASSETMAX as a "debt collector" as defined by 15 U.S.C. § 1692a(6).

47. Each of the Messages is a "communication" as defined by 15 U.S.C. § 1692a(2).

48. The telephone number "1-800-280-9770" is answered by debt collectors employed by ASSETMAX.

49. At the time Plaintiff received the Messages, he did not know that the calls were from a debt collector.

50. At the time Plaintiff received the Messages, he did not know that the calls concerned the collection of a debt.

51. The only way for Plaintiff and/or a least sophisticated consumer to obtain the identity of the caller leaving the Messages, and to ascertain the purpose underlying the Messages, is to place a return call to the telephone number provided in the Messages and speak with a debt collector employed by ASSETMAX, and then provide that debt collector with personal information.

52. ASSETMAX intended that the Messages have the effect of causing Plaintiff and least sophisticated consumers to place return calls to the telephone number provided in the Messages and speak with its debt collectors, and then provide those debt collectors with their personal information, as the sole means of obtaining the identity of the caller leaving the Messages, and to ascertain the purpose underlying the Messages.

53. Scores of federal court decisions uniformly hold that the FDCPA requires debt collectors to disclose in its telephonic voice messages left for consumers, such as the Messages, that the call is from a debt collector.

54. At all times relevant to this action, ASSETMAX was aware of the substantial weight of legal authority requiring it to disclose in its telephonic voice messages left for consumers, such as the Messages, that the call is from a debt collector.

55. At all times relevant to this action, ASSETMAX willfully, deliberately, and intentionally chose not to disclose in its telephonic voice messages left for Plaintiff and similarly situated consumers, such as the Messages, that the call is from a debt collector.

56. Scores of federal court decisions uniformly hold that the FDCPA requires debt collectors to provide meaningful identification of itself in telephonic voice messages left for consumers, such as the Messages, by accurately stating the name of the debt collection company and stating the nature and/or purpose of the call.

57. At all times relevant to this action, ASSETMAX was aware of the substantial weight of legal authority requiring it to provide meaningful identification of itself in telephonic voice messages left for consumers, such as the Messages, by accurately stating its company name and stating the nature and/or purpose of the call.

58. At all times relevant to this action, ASSETMAX willfully, deliberately, and intentionally chose not to provide meaningful identification of itself in telephonic voice messages left for consumers, such as the Messages, by accurately stating its company name and stating the nature and/or purpose of the call.

59. ASSETMAX's act of leaving the Messages for Plaintiff is conduct the natural consequence of which is to harass, oppress, or abuse a person in connection with the collection of a debt and is in violation of the FDCPA.

60. ASSETMAX's act of leaving the Messages for Plaintiff constitutes the use of a false, deceptive, or misleading representation or means in connection with the collection of any

debt and is in violation of the FDCPA.

61. The FDCPA secures a consumer's right to have a debt collector cease further communications with the consumer. By failing to meaningfully identify itself, disclose the purpose of its call and state that ASSETMAX is a debt collector in a manner understandable to the least sophisticated consumer, ASSETMAX has engaged in conduct designed to deprive consumers of their right to have a debt collector cease further communications.

## V. POLICIES AND PRACTICES COMPLAINED OF

62. It is Defendant's policy and practice to communicate with consumers and other persons in a manner, such as the 3/11/11 Conversation, that violates the FDCPA by failing to notify consumers, at the beginning of a telephonic conversation, that their conversation might be surreptitiously monitored or recorded by an unannounced third person(s).

63. It is Defendant's policy and practice to leave telephonic voice messages for consumers and other persons, such as the Messages, that violate the FDCPA by, *inter alia*, uniformly failing to:

(a) Leaving telephonic voice messages for consumers, which fail to provide meaningful disclosure of ASSETMAX's identity;

(b) Leaving telephonic voice messages for consumers, which fail to disclose the purpose or nature of the communication (i.e. an attempt to collect a debt);

(c) Leaving telephonic voice messages for consumers, which fail to disclose that the call is from a debt collector.

64. On information and belief, the violations, as alleged in this complaint under the Facts Concerning Plaintiff, number at least in the hundreds.

## VI. CLASS ALLEGATIONS

65. This action is brought as a class action. Plaintiff brings this action on behalf of himself and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

66. The Plaintiff seeks to certify two classes.

67. With respect to the First Plaintiff Class, this claim is brought on behalf of a class of (a) all persons in the State of New York (b) with whom Defendants had a telephone conversation, (c) that was recorded by Defendants (d) without disclosing at the beginning of the conversation that the call might be monitored or recorded (e) made in connection with Defendants' attempt to collect a debt (f) which actions violate the FDCPA (g) during a period beginning one year prior to the filing of this initial action and ending 21 days after the service of this complaint.

68. With respect to the Second Plaintiff Class, this claim is brought on behalf of a class of (a) all persons in the State of New York (b) for whom Defendants left a telephonic voice message, in the form of the Messages, (c) that did not identify ASSETMAX by name or state that the call was for collection purposes, (d) made in connection with Defendants' attempt to collect a debt (e) which Messages violate the FDCPA (f) during a period beginning one year prior to the filing of this Complaint and ending 21 days after the filing of this Complaint.

69. The identities of all class members are readily ascertainable from the records of ASSETMAX.

70. Excluded from the Plaintiff Class are the Defendants and all officers, members, partners, managers, directors, and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action and all members of their immediate

families.

71. There are questions of law and fact common to the First Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issues are whether Defendants' recording conversations without the knowledge or consent of person called violates 15 U.S.C. §§ 1692e and 1692e(10).

72. There are questions of law and fact common to the Second Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issues are: whether the Defendants' telephonic voice messages, such as the Messages, violate 15 U.S.C. §§ 1692d, 1692d(6), 1692e, 1692e(10), and 1692e(11).

73. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.

74. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Classes defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor his attorneys have any interests, which might cause them not to vigorously pursue this action.

75. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

    (a) **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the members of the Plaintiff Classes defined above are so numerous that joinder of all members would be impractical.

    (b) **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Classes and those questions predominate over any

questions or issues involving only individual class members.

    (i.)  With respect to the First Plaintiff Class the principal issues are whether ASSETMAX's recording conversations without the knowledge or consent of person called violates 15 U.S.C. §§ 1692e and 1692e(10); and

    (ii.)  With respect to the Second Plaintiff Class, the principal issues are whether the Defendant's telephonic voice messages, such as the Messages, violate 15 U.S.C. §§ 1692d, 1692d(6), 1692e, 1692e(10), and 1692e(11).

(d) **Typicality:** The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff Classes have claims arising out of the Defendants' common uniform course of conduct complained of herein.

(e) **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor his counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

(f) **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

76. Certification of a class under Rule 23(b)(1)(A) of the Federal Rules of Civil Procedure is appropriate because adjudications with respect to individual members create a risk of inconsistent or varying adjudications which could establish incompatible standards of conduct for ASSETMAX.

77. Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that a determination that the Defendants' recording of debt collection telephone conversations without consent violates 15 U.S.C. §§ 1692e or 1692e(10) is tantamount to declaratory relief and any monetary relief under the FDCPA would be merely incidental to that determination.

78. Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that a determination that the Defendants' telephone messages violate 15 U.S.C. §§ 1692d, 1692d(6), 1692e, 1692e(10), or 1692e(11) is tantamount to declaratory relief and any monetary relief under the FDCPA would be merely incidental to that determination.

79. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

80. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to revise their class definition and/or certify a class only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

82. Defendants violated the FDCPA. Defendants' violations with respect to the 3/11/11 Conversation include, but are not limited to, the following:

(a) Secretly recording telephone conversations without the knowledge or consent of the called party which constitutes a false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer in violation of 15 U.S.C. §§ 1692e and 1692e(10).

83. Defendant violated the FDCPA. Defendant's violations with respect to the Messages include, but are not limited to, the following:

(a) Engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt in violation of 15 U.S.C. § 1692d;

(b) Placing telephone calls without providing meaningful disclosure of ASSETMAX's identity as the caller in violation of 15 U.S.C. § 1692d(6);

(c) Leaving telephonic voice messages which fail to disclose the purpose or nature of the communication (i.e., an attempt to collect a debt) in violation of 15 U.S.C. § 1692d(6);

(d) Using false, deceptive, and misleading representations or means in connection with the collection of any debt in violation of 15 U.S.C. § 1692e;

-15-

## VII. FIRST CAUSE OF ACTION
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## (AGAINST ALL DEFENDANTS)

81. Plaintiff realleges and incorporates by reference the allegations in the preceding paragraphs of this Complaint.

(e) Making false, deceptive, and misleading statements that create a false sense of urgency in violation of 15 U.S.C. §§ 1692e and 1692e(10);

(f) Failing to disclose in its initial communication with the consumer, when that communication is oral, that ASSETMAX is attempting to collect a debt and that any information obtained will be used for that purpose, which constitutes a violation of 15 U.S.C. § 1692e(11); and

(g) Failing to disclose in all oral communications that ASSETMAX is a debt collector in violation of 15 U.S.C. §1692e(11).

## VIII. PRAYER FOR RELIEF

84. WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in his favor and in favor of the Plaintiff Classes as follows:

A. **For the FIRST CAUSE OF ACTION:**

(i) An order certifying that the First Cause of Action may be maintained as a class pursuant to Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and the undersigned counsel to represent the First Plaintiff Class as previously set forth and defined above;

(ii) An order certifying that the First Cause of Action may be maintained as a class pursuant to Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and the undersigned counsel to represent the Second Plaintiff Class as previously set forth and defined above;

(iii) An award of the maximum statutory damages for Plaintiff and the First Plaintiff Class pursuant to 15 U.S.C. § 1692k(a)(2)(B);

(iv)   An award of the maximum statutory damages for Plaintiff and the Second Plaintiff Class pursuant to 15 U.S.C. § 1692k(a)(2)(B);

(v)   Attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k(a)(3); and

(vi)   For such other and further relief as may be just and proper.

### IX. JURY DEMAND

Plaintiff hereby demands that this case be tried before a Jury.

DATED:   Fresh Meadows, New York
March 8, 2012

_____
William F. Horn, Esq. (WH-1070)
LAW OFFICE OF WILLIAM F. HORN
188-01B 71st Crescent
Fresh Meadows, NY 11365
Telephone: (718) 785-0543
Facsimile: (866) 596-9003
E-Mail: bill@wfhlegal.com

*Attorney for Plaintiff, John T. Corpac, and all others similarly situated*