# Law Office of William F. Horn

188-01B 71st Crescent
Fresh Meadows, New York 11365
Telephone: (718) 785-0543
Facsimile: (866) 596-9003
bill@wfhlegal.com

November 14, 2012

Hon. Arlene Rosario Lindsay, U.S.M.J.
UNITED STATES DISTRICT COURT
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

   **Re:** *Corpac, et al. v. Asset Maximization Group, Inc., et al.*
      E.D.N.Y. Case. No.:  2:12-cv-01187-LDW-ARL

Dear Judge Lindsay:

I am co-counsel of record for Plaintiff in the referenced action. I am writing pursuant to Local Civil Rule 37.3(c) and Your Honor's Individual Practice Rule 2.A.1 for an order compelling the responses of Defendant, Asset Maximization Group, Inc. ("Asset Max") without objections (except those based on privilege) to Plaintiff's initial sets of Interrogatories and Requests for Production. A true and correct copy of Plaintiff's Interrogatories and Requests for Production are respectively attached hereto as ***Exhibits A & B***.[1] Plaintiff further moves for an order compelling the deposition of Defendant, Neil Timeshwar Chan ("Chan").

As Your Honor is aware, the purpose of discovery, is to seek the truth, so disputes may be decided by what facts are revealed, not by what facts are concealed. Unfortunately, as discussed *infra*, the Defendants have actively endeavored throughout this case to conceal relevant information rather than produce it. Plaintiff disagrees with Defendants' position and tactics, as he is entitled to full and complete discovery concerning class issues, claims, and defenses.

### *Relevant Factual & Procedural History*

The referenced matter is brought as a class action for Asset Max's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq*. [Doc. 1]. On May 15, 2012 the Court entered a scheduling order, which set a discovery deadline for November 16, 2012. [Doc. 6]. On September 7, 2012, Plaintiff served his written discovery requests via electronic and U.S. Mail, which were received by Asset Max's counsel on September 7, 2012. Attached hereto as ***Exhibit C*** (without enclosures) is a copy of the Plaintiff's letter to Asset Max's counsel, Arthur Sanders, which enclosed Plaintiff's initial sets of written discovery (attached hereto ***Exhibits A & B***). Pursuant to Fed. R. Civ. P. 33(b)(2) and 34(b)(2)(A), Asset Max's responses to these discovery

---

[1] Plaintiff also served Requests for Admission along with his other discovery requests, to which Asset Max failed to provide any responses or seek an extension of time in which to respond. Plaintiff does not seek an order compelling Asset Max's responses to his Requests for Admission as those admissions are automatically deemed admitted pursuant to Fed. R. Civ. P. 36(a)(3) due to its failure to timely respond. See also, *An-Port Inc. v. MBR Indus., Inc.*, 772 F. Supp. 1301, 1305 (D.P.R. 1991).

Hon. Arlene Rosario Lindsay, U.S.M.J.
*Re:   Corpac v. Asset Maximization Group, Inc., et al.*
November 14, 2012
Page 2 of 3

requests were due on or before October 8, 2012. Also enclosed and served in my September 7th correspondence was a Notice of Deposition directed to Defendant Chan, which was scheduled to take place on September 24, 2012.

On September 12, 2012, Mr. Sanders sent to me a memo/letter in which he acknowledged his receipt of Plaintiff's foregoing discovery requests, but objecting to the date of Defendant's deposition - September 24th. Attached hereto as **_Exhibit D_** is a copy of Mr. Sanders's memo/letter dated September 12, 2012. In his September 12th communication, Mr. Sanders stated promised to contact me "within the next couple of days with alternative dates for the deposition." Despite his promise, Mr. Sanders never contacted me. Consequently, after two weeks had passed I sent Mr. Sanders, on September 25th, an e-mail reminding him of his promise to contact me and that he had failed to do so. Attached hereto as **_Exhibit E_** is a copy of my September 25th e-mail to Mr. Sanders.

On October 2, 2012, Mr. Sanders finally contacted me to suggest a few dates for the deposition. I was out of the office on October 2nd, so I sent Mr. Sanders an email on October 3rd telling him that the dates he proposed were unacceptable to me but that I could take the deposition of his client on October 15, 2012. Mr. Sanders replied on October 3rd saying that October 15th worked for him, but he would have to check with his client. Mr. Sanders waited until October 11th before finally sending me a memo/letter indicating that his client would be available for deposition on October 15th. Attached hereto as **_Exhibit F_** is a copy of the foregoing e-mails dated October 3, 2012.

On October 12, 2012, Mr. Sanders and I met and conferred again at which time we agreed that Defendant Chan's deposition would be held on October 18, 2012. On October 13, 2012 I sent Mr. Sanders an e-mail apologizing for not yet sending him an amended deposition notice but confirming, again, that we would conduct Chan's deposition on October 18th. Attached hereto as **_Exhibit G_** is a copy of my foregoing October 13th e-mail. Attached hereto as **_Exhibit H_** is an e-mail dated October 15, 2012, from my office to Mr. Sanders enclosing an amended deposition notice.

Attached hereto as **_Exhibit I_** is a second e-mail dated October 15, 2012, which I sent Mr. Sanders reminding him that Asset Max's written discovery responses were overdue. Attached hereto as **_Exhibit J_** is an e-mail dated October 16, 2012, from Mr. Sanders concocts feigned confusion stating that if I wanted Asset's Max's written discovery responses prior to Chan's deposition, his client would not appear for deposition because he could not prepare responses in time. I never told Mr. Sander's that Plaintiff wanted Asset Max's discovery responses before deposing Chan. To be clear, all I have ever said was "[o]nce Mr. Chan's deposition is completed Plaintiff will be in a better position to serve his initial sets of written discovery *to him*, as well as *second sets of written discovery directed to Defendant, Asset Maximization Group, Inc.*" [*See,* **_Exhibit C_** at ¶2]. Further, I have never granted an extension -- nor has Mr. Sanders sought one -- for Asset Max to serve its discovery responses. Nor did Plaintiff ever agree to postpone Chan's October 18th deposition.

On October 18, 2012, my co-counsel, Abraham Kleinman, appeared for Chan's deposition; however, neither Chan nor Mr. Sanders appeared as agreed. Plaintiff was forced to incur costs as

Hon. Arlene Rosario Lindsay, U.S.M.J.
Re:   Corpac v. Asset Maximization Group, Inc., et al.
November 14, 2012
Page 3 of 3

a results of Chan's failure to appear for deposition. The very same day, in response to such failure, I sent Mr. Sanders a letter, attached hereto as **_Exhibit K_**, which was my third and final attempt to meet and confer with Mr. Sanders in an effort to resolve the herein discovery dispute. Attached hereto as **_Exhibit L_** is a letter/memo from Mr. Sanders dated October 19, 2012, responding to my October 18th correspondence. Mr. Sanders's October 19th memo makes clear that Defendants have no intention of cooperating or obeying the federal or local rules concerning discovery.

To date, Asset Max willfully and deliberately refuses to prepare or serve its discovery responses and there was no agreement between the Parties to extend Asset Max's deadline to serve its responses – *nor did Asset Max ever seek to obtain an extension of time.* [*See*, **_Exhibits K & L_**]. Moreover, Chan has further indicated he deliberately chose not to appear for his deposition and he will not attend one in the future. [*Id.*].

*Legal Basis*

With respect to Plaintiff's Interrogatories and Requests for Production, Asset Max has waived its right to interpose objections, except those based on privilege, due to its failure to timely respond or seek an extension. Fed. R. Civ. P. 33(b)(2),(4) and Fed. R. Civ. P. 34(b)(2)(A); see also, *Senat v. City of New York*, 255 F.R.D. 338, 339 (E.D.N.Y. 2009). Permitting Asset Max to file out-of-time, and likely meritless, objections to Plaintiff's discovery requests will only serve as an opportunity for Defendant to place further roadblocks in this litigation.

With respect to Chan's deposition, the Court should compel Chan to appear for deposition. A proper deposition notice is sufficient to compel the party witness's attendance, with sanctions available should the party fail to appear. Fed. R. Civ. P. 37(d)(1)(A)(i).

*Conclusion*

Accordingly, Plaintiff respectfully requests that the Court enter an order: (1) finding that Asset Max has waived its right to interpose all objections (except privilege) to Plaintiff's Interrogatories and Requests for Production; (2) ordering Asset Max to serve its discovery responses by not later than November 21, 2012; and (3) ordering Defendant Chan to appear for deposition within two weeks following Plaintiff's receipt of Asset Max's responses to written discovery. At this time, Plaintiff does not seek sanctions with respect to this motion, but he reserves the right to pursue such sanctions should Defendants' non-compliance persist.

Plaintiff thanks Your Honor in advance for the Court's consideration of his herein request.

Respectfully submitted,
*s/ William F. Horn*
William F. Horn
*via ECF Filing Only*
Encl:stated
cc:      All Attorneys of Record *via ECF Filing*