# EXHIBIT "A"

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------x

JOHN T. CORPAC, an individual; on behalf of himself and all others similarly situated,

          Plaintiffs,

vs.

ASSET MAXIMIZATION GROUP, INC., a New York Corporation; NEIL TIMESHWAR CHAN, Individually and in his Official Capacity; and JOHN AND JANE DOES NUMBERS 1 THROUGH 25,

          Defendants.

---------------------------------------------------------x

CASE NO.: 2:12-cv-01187-LDW-ARL

**PLAINTIFF'S FIRST SET OF INTERROGATORIES DIRECTED TO DEFENDANT ASSET MAXIMIZATION GROUP, INC.**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff, John T. Corpac ("Plaintiff"), by and through his undersigned counsel, requests that Defendant, Asset Maximization Group, Inc. ("Asset Maximization"), answer separately and fully each of the interrogatories set forth below, in writing and under oath, no later than the due date.

The Plaintiff incorporates by reference the Uniform Definitions in Discovery Requests as set forth in Local Civil Rule 26(d). In addition to those definitions, the following additional definitions and instructions shall apply throughout these discovery requests, unless the context states otherwise:

## INSTRUCTIONS

1.     You are requested to produce all responses in writing to the Law Office of William F. Horn, 188-01B 71st Crescent, Fresh Meadows, New York 11365, 30 days after service of this demand.

2. In answering these Interrogatories, furnish all information available to You or subject to Your reasonable inquiry, including information in the possession of Your attorneys, accountants, advisors, or other Persons directly or indirectly employed by, or connected with, You or Your attorneys, and anyone else otherwise subject to Your control.

3. In answering these Interrogatories, please restate the Interrogatory in full before stating Your response thereto.

4. If an Interrogatory has subparts, answer each part separately and in full, and do not limit Your answer to the Interrogatory as a whole.

5. If an Interrogatory cannot be answered in full, answer to the extent possible, specify the reason for Your inability to answer the remainder, and state whatever information and knowledge You have regarding the unanswered portion.

6. If the answer to all or any part of any Interrogatory is not presently known or available, include a statement to that effect, furnish the information known or available, and respond to the entire Interrogatory by supplemental answer in writing and under oath at such time as the entire answer becomes known or available. If an estimate can be reasonably made in place of unknown information, also set forth Your best estimate, clearly designate as such, in place of the unknown infom1ation and Describe the basis upon which the estimate is made.

7. If any response or portion thereof is withheld under a claim of privilege or work-product immunity, Describe for each such response or part thereof as to which a privilege or immunity is claimed: (a) the subject matter of the privileged information; (b) the privilege or immunity claimed and the facts giving rise to the privilege or immunity; (c) if the immunity pertains to Communications, then the date and place of those Communications; and (d) any and

all participants in those Communication, specifically Identifying any third parties that were present.

8. If any Interrogatory is objected to on grounds other than privilege or work-product immunity, You shall state with particularity each such objection and the bases therefore, and shall respond to the remainder of the Interrogatory to the extent that You are not objecting to it.

9. If You contend that a particular Interrogatory, or a definition or any instruction applicable thereto, is ambiguous or vague, such contention shall not provide a basis for refusing to respond. Please set forth the allegedly ambiguous language and the interpretation of that language that You have adopted in responding to the Interrogatory in question.

10. The present tense includes the past and future tenses.

11. The use of the singular form of any word includes the plural and vice-versa.

12. The connectors "and" and "or," even when used without the other, shall be construed disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

13. The adjectives "any" and "all," even when used without the other, shall be construed disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

14. If You produce documents in response to any of these Interrogatories, then the additional instructions stated in Requests for Production of documents apply.

15. These interrogatories are deemed to be continuing, and should You obtain other information which would add to or change Your answers to these interrogatories then, pursuant to Federal Rule of Civil Procedure Rule 26(e)(1), You are directed to furnish the undersigned

with such additional or different information immediately upon Your discovery or receipt of such information.

## DEFINITIONS

1.      "Action" means the Class Action Complaint and Demand for Jury Trial filed in the above-entitled case.

2.      "Account" means a Debt which You collected, attempted to collect, or are continuing to attempt to collect.

3.      "Agent" means <u>any</u> Person acting on behalf of Asset Maximization. The word "Agent" includes, without limitation, all of Asset Maximization's officers, directors, shareholders, members, employees, and independent contractors.

4.      "Autodialer" means equipment which has the capacity to store telephone numbers to be called and to dial such numbers. "Autodialer" includes an "Automatic Telephone Dialing System" as defined in 47 U.S.C. §227(a)(1).

5.      "Call Center" means a physical location from which telephone calls are placed by You or Agents to Consumers.

6.      "Class" means the class as defined in the operative complaint on file in the Action.

7.      "Collector" means an Agent who collected or attempted to collect any Debts.

8.      "Communication(s)" means the conveying of information regarding a debt directly or indirectly to any person through any medium. "Communications" includes, but is not limited to, any actual or attempted meetings, gatherings, assemblies, encounters, discussions, dialogues, exchanges, conversations, contact and correspondence of any type and by any means, including but not limited to letters, regular mail, telephone calls, facsimiles, electronic mail, and

instant messaging Communications, etc. "Communication" has the same meaning as used in the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.*

9. "Consumer" means any natural Person obligated or allegedly obligated to pay any Debt. "Consumer" has the same meaning as used in the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.*

10. "Creditor" means any Person who offers or extends credit creating a Debt or to whom a Debt is owed, but such term does not include any Person to the extent that he receives an assignment or transfer of a Debt in default solely for the purpose of facilitating collection of such Debt for another. "Creditor" has the same meaning as used in the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.*

11. "Debt" means any obligation or alleged obligation of a Consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment. "Debt" has the same meaning as used in the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.*

12. "Debt Collector" means either: (a) a Person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any Debts; or (b) a Person who regularly collects or attempts to collect, directly or indirectly, Debts owed or due or asserted to be owed or due another. "Debt Collector" has the same meaning as used in the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.*

13. "Documents" should be construed to include, without limitation, a writing of any kind, including memoranda, correspondence, handwritten notices or any other printed, graphic, or recorded matter, however produced or reproduced, including working papers, preliminary,

intermediate or final drafts, diaries, desk calendars, appointment books, photographs, films, video tapes, electronic mail, computerized financial records, electronically stored or computerized information, data stored on hard drives and floppy disks and all other writings and recordings of every kind which are in Your actual or constructive possession, custody or control. Any copies of Documents bearing notations or marks not found in the original shall be deemed to be different Documents and shall also be produced.

  14. As used herein, the terms "Identify," "Identification," "Describe," or "Description":

    (a) when used in reference to a Document means to state (i) the name of the Person who prepared it or over whose signature it was issued; (ii) the name of each Person to whom it was addressed or distributed; (iii) the nature and substance of the writing with sufficient particularity to enable it to be identified; (iv) its date and, if it bears no date, the date when it was prepared; and (v) the physical location of it, and the name and address of its custodian;

    (b) when used with reference to an oral Communication, means to state (i) the name of each Person who participated in the Communication, and the name of each Person who was present at the time it was made; (ii) by whom each Person was employed, and whom each Person represented or purported to represent in making such oral Communications; (iii) the date and place where such oral Communication was made; and (iv) the Identification of each and every Document or recording pertaining or relating to such oral Communication;

(c) when used with reference to a Person or individual, means to state (i) his or her full name and last known business address and telephone number, (ii) his or her last known residence address and telephone number; and (iii) the name and last known business address of his or her employer at the time referred to in Your answer, and at the present time, and the employment position held by such employee with each employer; and the date when each such employment began and ceased;

(d) when used with reference to a corporation, association, company, partnership, or other business or governmental entity means to state (i) its full name; (ii) its principal place of business; (iii) its last known address and telephone number; and (iv) the full names, addresses, and telephone numbers for each of its officers, managers, members, or other high ranking employees; and,

(e) when used in reference to any act, occurrence, occasion, meeting, transaction, or conduct, means to set forth the event or events constituting such act, its location, the date and Persons participating, Persons present or involved, witnesses, and the Documents relating or referring in any way thereto.

15. "Live Message" means a Voice Message of a natural person's speech which is not a Prerecorded Message.

16. "Asset Maximization" means Defendant, Asset Maximization Group, Inc., its predecessors, successors, assigns, and present or former parent companies, affiliates, and

subsidiaries, and any of its respective officers, directors, employees, agents, attorneys, or any Person acting or purporting to act on its behalf.

17. "Obligation" means any indebtedness or alleged indebtedness which You sought to collect from the Plaintiff.

18. "Person(s)" means natural Persons, corporations, partnership, joint ventures, sole proprietorships, or any other type of business or commercial entity, as well as any and all consultants or other experts retained by counselor You.

19. "Prerecorded Message" means a recorded or computer-generated voice used with an Autodialer which is intended to become a Voice Message.

20. "Telephone Answering Device" is anything which answers a telephone call and permits the caller to leave a sound recording. A Telephone Answering Device includes, without limitation, an answering machine and voicemail.

21. "Term" shall mean the time period beginning March 9, 2011, through and including March 31, 2012.

22. "Voice Message" is a caller's spoken message recorded by a Telephone Answering Device and includes a Live Message and a Prerecorded Message.

23. "You" or "Your" mean and refer to Asset Maximization and its attorneys, consultants, Agents, accountants, and any Persons or entities acting on its behalf.

### INTERROGATORIES

**Interrogatory No. 1:**  State Your full legal name, Your form of business (for example, corporation or partnership), the jurisdiction in which You were formed, Your principal business location, all of Your trade names and service marks.

**Interrogatory No. 2:**  Please Identify each of Your Officers, Directors, Shareholders, Principals, Managers, and Supervisors. In responding to this Request, for each Person

please also include: (A) their telephone extension number; (B) their immediate supervisor; (C) their desk name or pseudonym; and (D) address of the place where the Person regularly works.

**Interrogatory No. 3:** What training did Asset Maximization provide to each Collector? Asset Maximization's response should include, but not be limited to, any instructions provided to each Collector as to leaving Voice Messages, preparing/sending written Communications, and engaging in telephone Communications with Consumers.

**Interrogatory No. 4:** Please Identify each Collector who placed a telephone call to the Plaintiff.

**Interrogatory No. 5:** Please Identify each Collector who placed a telephone call to the Plaintiff and left a Voice Message.

**Interrogatory No. 6:** Please Identify each Collector who engaged in a telephone conversation with the Plaintiff.

**Interrogatory No. 7:** Identify the Creditor of the Obligation that You sought to collect from Plaintiff.

**Interrogatory No. 8:** Please identify each of Your Agents who monitor telephone Communications between Your Collectors and Consumers for the purpose of ensuring that those Collectors comply with Your policies concerning the collection of debts.

**Interrogatory No. 9:** Please explain in detail how it came about that You sought to collect the Obligation.

**Interrogatory No. 10:** If Your understanding is that the Obligation did <u>not</u> arise out of one or more transactions in which the money, property, insurance or services which were the subject of the transactions were primarily for personal, family or household purposes,

then provide all information known to You about the subject of those transactions. In Your response to this Interrogatory, indicate whether Your understanding is that the Obligation did arise out of one or more transactions in which the money, property, insurance or services which were the subject of the transactions were primarily for personal, family or household purposes.

**Interrogatory No. 11:**  How are Your records of each written and oral communication between a Collector and a Consumer created and stored? Without limiting the scope of this Request, include the requested information for telephone communications which You monitored or recorded. If any records are stored in an electronic database, include a list of each field in the database.

**Interrogatory No. 12:**  What is the meaning of each abbreviation, code, letter, numeral, or symbol regularly used in Your records of collection activities?

**Interrogatory No. 13:**  How are Your records concerning Debts which You attempt to collect created and stored? If the records are stored in an electronic database, include a list of each field in the database.

**Interrogatory No. 14:**  How many Accounts did You collect or attempt to collect in the State of New York during the Term in connection with Your attempts to collect a Debt? If You do not have information for the requested time period, provide what information You do have for dates as near as possible to the requested time period, and Identify the dates for which the information is provided.

**Interrogatory No. 15:**  How many Consumers did You call in the State of New York in order to collect a debt during the Term in connection with Your attempts to collect a Debt? If You do not have information as of the requested dates, provide what information you do have for dates as near as possible to the requested dates, and identify the dates for which the information is provided.

**Interrogatory No. 16:** How many times during the Term did Your Collectors leave a Voice Message (including, but not limited to, Live Messages) for a consumer in the State of New York in connection with Your attempts to collect a Debt? If You do not have information as of the requested dates, provide what information You do have for dates as near as possible to the requested dates, and identify the dates for which the information is provided.

**Interrogatory No. 17:** How many telephone numbers with area codes within the State of New York did You leave a Live Message with in connection with Your attempts to collect a Debt during the Term? If You do not have information for the requested dates, provide what information You do have for dates as near as possible to the requested dates, and identify the dates for which the information is provided.

**Interrogatory No. 18:** How many Consumers did You speak with telephonically in the State of New York in connection with Your attempts to collect a Debt during the Term? If You do not have information as of the requested dates, provide what information you do have for dates as near as possible to the requested dates, and identify the dates for which the information is provided.

**Interrogatory No. 18:** What is the full legal name of each Agent responsible for approving scripts or suggested scripts for Live Messages left for Consumers?

**Interrogatory No. 19:** What is the full legal name of each Agent responsible for overseeing Your policies, if any, in relation to leaving Live Messages for Consumers?

**Interrogatory No. 20:** What is the address of each Call Center that placed a telephone call during the Term to any Consumer within the State of New?

**Interrogatory No. 21:** Set forth all facts which You understand to suggest or establish that the Plaintiff will not fairly and adequately protect the interests of the Class.

**Interrogatory No. 22:** For each "Affirmative Defense" set forth in Your Answer to Plaintiff's Class Action Complaint [Doc. 5], please explain in detail all facts that support those defenses.

**Interrogatory No. 23:** For the "Affirmative Defense" set forth in Your Answer to Plaintiff's Class Action Complaint [Doc. 5], please Identify all Documents that support those defenses.

**Interrogatory No. 24:** What is Your net worth and how did You compute it?

DATED:   Fresh Meadows, New York
         September 7, 2012

>                              *s/ William F. Horn*
>                              William F. Horn, Esq. (WH-1070)
>                              LAW OFFICE OF WILLIAM F. HORN
>                              188-01B 71st Crescent
>                              Fresh Meadows, NY 11365
>                              Telephone: (718) 785-0543
>                              Facsimile:  (866) 596-9003
>                              E-Mail: bill@wfhlegal.com
>
>                              *Attorney for Plaintiff, John T. Corpac, and all others similarly situated*