# EXHIBIT "B"

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------x
JOHN T. CORPAC, an individual; on behalf of himself and all others similarly situated,

          Plaintiffs,

vs.

ASSET MAXIMIZATION GROUP, INC., a New York Corporation; NEIL TIMESHWAR CHAN, Individually and in his Official Capacity; and JOHN AND JANE DOES NUMBERS 1 THROUGH 25,

          Defendants.
------------------------------------x

CASE NO.: 2:12-cv-01187-LDW-ARL

**PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS DIRECTED TO DEFENDANT, ASSET MAXIMIZATION GROUP, INC.**

      Plaintiff, John T. Corpac ("Plaintiff"), by and through his undersigned counsel, requests that Defendant, Asset Maximization Group, Inc. ("Asset Maximization"), produce and permit counsel an opportunity to inspect and copy the following Documents, in accordance with Rules 26 and 34 of the Federal Rules Federal Rules of Civil Procedure and the Local Rules for the United States District Court for the Eastern District of New York, at the Law Offices of William F. Horn, 188-01B 71st Crescent, Fresh Meadows, New York 11365, no later than October 7, 2012.

      The Plaintiff incorporates by reference the Uniform Definitions in Discovery Requests as set forth in Local Civil Rule 26(d). In addition to those definitions, the following additional definitions and instructions shall apply throughout these discovery requests, unless the context states otherwise:

## **INSTRUCTIONS**

1.  These Requests require that You produce and Identify all Documents responsive to the following requests that are in Your possession or control or subject to Your control, wherever they may be located. The writings You must produce and Identify include not only writings You presently possess, but also writings that are in the possession or control of Your attorneys, accountants, bookkeepers, employees, representatives, or anyone else acting on Your behalf.

2.  All Documents that are responsive shall be produced in full, without abridgement, abbreviation, or expurgation of any sort. If any such Documents cannot be produced in full, You are requested to produce the Document to the greatest extent possible and indicate in Your written response what Documents cannot be produced and why.

3.  You are requested to produce the original and all non-identical copies, including all drafts, of each Document requested. If You are not able to produce the original of any Document, please produce the best available copy and all non-identical copies, including drafts.

4.  Each Request and subparagraph or subdivision thereof shall be construed independently, and no other Request or subparagraph or subdivision thereof shall be referred to or relied on for the purpose of limiting its scope except insofar as the request or subparagraph or subdivision construed expressly refers to another request or subparagraph or subdivision thereof.

5.  If any Document request herein was at one time in existence, but has been lost, discarded, deleted, or destroyed, Identify each such Document including its date, author and subject matter.

6.  If any Document requested herein is maintained in electronic form (e.g., e-mail, computer files), You are requested to produce each such Document in paper form as well as

provide a copy of each Document in its native electronic format (i.e., computer disk or CD-ROM).

  7.  If You are not producing a Document responsive to any of the numbered demands below on the basis of a claimed privilege, or for any other reason, please state the following:

    (a)  Describe the Document with specificity;

    (b)  Identify the privilege claimed or other reason why the Document is not being produced;

    (c)  State the names and capacities of all Persons who participated in the preparation of the Document; and,

    (d)  State the names and capacities of all Persons to whom the Document was circulated or its contents communicated.

  8.  The present tense includes the past and future tenses.

  9.  The use of the singular form of any word includes the plural and vice-versa.

  10.  The connectors "and" and "or," even when used without the other, shall be construed disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

  11.  The adjectives "any" and "all," even when used without the other, shall be construed disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

  12.  These Requests are continuing in nature so as to require You to serve a supplemental response and/or production, pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, in the event You obtain or discover any additional, further, or different information or Documents after the production of the Documents or things requested herein.

# **DEFINITIONS**

1. "Action" means the Class Action Complaint and Demand for Jury Trial filed in the above-entitled case.

2. "Account" means a Debt which You collected, attempted to collect, or are continuing to attempt to collect.

3. "Agent" means <u>any</u> Person acting on behalf of Asset Maximization. The word "Agent" includes, without limitation, all of Asset Maximization's officers, directors, shareholders, members, employees, and independent contractors.

4. "Autodialer" means equipment which has the capacity to store telephone numbers to be called and to dial such numbers. "Autodialer" includes an "Automatic Telephone Dialing System" as defined in 47 U.S.C. §227(a)(1).

5. "Call Center" means a physical location from which telephone calls are placed by You or Agents to Consumers.

6. "Class" means the class as defined in the operative complaint on file in the Action.

7. "Collector" means an Agent who collected or attempted to collect any Debts.

8. "Communication(s)" means the conveying of information regarding a debt directly or indirectly to any person through any medium. "Communications" includes, but is not limited to, any actual or attempted meetings, gatherings, assemblies, encounters, discussions, dialogues, exchanges, conversations, contact and correspondence of any type and by any means, including but not limited to letters, regular mail, telephone calls, facsimiles, electronic mail, and instant messaging Communications, etc. "Communication" has the same meaning as used in the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.*

9. "Consumer" means any natural Person obligated or allegedly obligated to pay any Debt. "Consumer" has the same meaning as used in the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.*

10. "Creditor" means any Person who offers or extends credit creating a Debt or to whom a Debt is owed, but such term does not include any Person to the extent that he receives an assignment or transfer of a Debt in default solely for the purpose of facilitating collection of such Debt for another. "Creditor" has the same meaning as used in the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.*

11. "Debt" means any obligation or alleged obligation of a Consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment. "Debt" has the same meaning as used in the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.*

12. "Debt Collector" means either: (a) a Person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any Debts; or (b) a Person who regularly collects or attempts to collect, directly or indirectly, Debts owed or due or asserted to be owed or due another. "Debt Collector" has the same meaning as used in the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.*

13. "Documents" should be construed to include, without limitation, a writing of any kind, including memoranda, correspondence, handwritten notices or any other printed, graphic, or recorded matter, however produced or reproduced, including working papers, preliminary, intermediate or final drafts, diaries, desk calendars, appointment books, photographs, films, video tapes, electronic mail, computerized financial records, electronically stored or

computerized information, data stored on hard drives and floppy disks and all other writings and recordings of every kind which are in Your actual or constructive possession, custody or control. Any copies of Documents bearing notations or marks not found in the original shall be deemed to be different Documents and shall also be produced.

      14.    As used herein, the terms "Identify," "Identification," "Describe," or "Description":

      (a)    when used in reference to a Document means to state (i) the name of the Person who prepared it or over whose signature it was issued; (ii) the name of each Person to whom it was addressed or distributed; (iii) the nature and substance of the writing with sufficient particularity to enable it to be identified; (iv) its date and, if it bears no date, the date when it was prepared; and (v) the physical location of it, and the name and address of its custodian;

      (b)    when used with reference to an oral Communication, means to state (i) the name of each Person who participated in the Communication, and the name of each Person who was present at the time it was made; (ii) by whom each Person was employed, and whom each Person represented or purported to represent in making such oral Communications; (iii) the date and place where such oral Communication was made; and (iv) the Identification of each and every Document or recording pertaining or relating to such oral Communication;

      (c)    when used with reference to a Person or individual, means to state (i) his or her full name and last known business address and telephone number, (ii) his or her last known residence address and telephone number; and (iii)

    the name and last known business address of his or her employer at the time referred to in Your answer, and at the present time, and the employment position held by such employee with each employer; and the date when each such employment began and ceased;

  (d) when used with reference to a corporation, association, company, partnership, or other business or governmental entity means to state (i) its full name; (ii) its principal place of business; (iii) its last known address and telephone number; and (iv) the full names, addresses, and telephone numbers for each of its officers, managers, members, or other high ranking employees; and,

  (e) when used in reference to any act, occurrence, occasion, meeting, transaction, or conduct, means to set forth the event or events constituting such act, its location, the date and Persons participating, Persons present or involved, witnesses, and the Documents relating or referring in any way thereto.

15. "Live Message" means a Voice Message of a natural person's speech which is not a Prerecorded Message.

16. "Asset Maximization" means Defendant, Asset Maximization Group, Inc., its predecessors, successors, assigns, and present or former parent companies, affiliates, and subsidiaries, and any of its respective officers, directors, employees, agents, attorneys, or any Person acting or purporting to act on its behalf.

17. "Obligation" means any indebtedness or alleged indebtedness which You sought to collect from the Plaintiff.

18. "Person(s)" means natural Persons, corporations, partnership, joint ventures, sole proprietorships, or any other type of business or commercial entity, as well as any and all consultants or other experts retained by counselor You.

19. "Prerecorded Message" means a recorded or computer-generated voice used with an Autodialer which is intended to become a Voice Message.

20. "Telephone Answering Device" is anything which answers a telephone call and permits the caller to leave a sound recording. A Telephone Answering Device includes, without limitation, an answering machine and voicemail.

21. "Term" shall mean the time period beginning March 9, 2011, through and including March 31, 2012.

22. "Voice Message" is a caller's spoken message recorded by a Telephone Answering Device and includes a Live Message and a Prerecorded Message.

23. "You" or "Your" mean and refer to Asset Maximization and its attorneys, consultants, Agents, accountants, and any Persons or entities acting on its behalf.

## REQUESTS

**Request for Production No. 1:** All Documents that You identified or relied upon in Your response to Plaintiff's Interrogatory No. 1 (Set One) which was directed to You and served concurrently herewith.

**Request for Production No. 2:** All Documents that You identified or relied upon in Your response to Plaintiff's Interrogatory No. 2 (Set One) which was directed to You and served concurrently herewith.

**Request for Production No. 3:** All Documents that You identified or relied upon in Your response to Plaintiff's Interrogatory No. 3 (Set One) which was directed to You and served concurrently herewith.

**Request for Production No. 4:**     All Documents that You identified or relied upon in Your response to Plaintiff's Interrogatory No. 4 (Set One) which was directed to You and served concurrently herewith.

**Request for Production No. 5:**     All Documents that You identified or relied upon in Your response to Plaintiff's Interrogatory No. 5 (Set One) which was directed to You and served concurrently herewith.

**Request for Production No. 6:**     All Documents that You identified or relied upon in Your response to Plaintiff's Interrogatory No. 6 (Set One) which was directed to You and served concurrently herewith.

**Request for Production No. 7:**     All Documents that You identified or relied upon in Your response to Plaintiff's Interrogatory No. 7 (Set One) which was directed to You and served concurrently herewith.

**Request for Production No. 8:**     All Documents that You identified or relied upon in Your response to Plaintiff's Interrogatory No. 8 (Set One) which was directed to You and served concurrently herewith.

**Request for Production No. 9:**     All Documents that You identified or relied upon in Your response to Plaintiff's Interrogatory No. 9 (Set One) which was directed to You and served concurrently herewith.

**Request for Production No. 10:**     All Documents that You identified or relied upon in Your response to Plaintiff's Interrogatory No. 10 (Set One) which was directed to You and served concurrently herewith.

**Request for Production No. 11:**     All Documents that You identified or relied upon in Your response to Plaintiff's Interrogatory No. 11 (Set One) which was directed to You and served concurrently herewith.

**Request for Production No. 12:**   All Documents that You identified or relied upon in Your response to Plaintiff's Interrogatory No. 12 (Set One) which was directed to You and served concurrently herewith.

**Request for Production No. 13:**   All Documents that You identified or relied upon in Your response to Plaintiff's Interrogatory No. 13 (Set One) which was directed to You and served concurrently herewith.

**Request for Production No. 14:**   All Documents that You identified or relied upon in Your response to Plaintiff's Interrogatory No. 14 (Set One) which was directed to You and served concurrently herewith.

**Request for Production No. 15:**   All Documents that You identified or relied upon in Your response to Plaintiff's Interrogatory No. 15 (Set One) which was directed to You and served concurrently herewith.

**Request for Production No. 16:**   All Documents that You identified or relied upon in Your response to Plaintiff's Interrogatory No. 16 (Set One) which was directed to You and served concurrently herewith.

**Request for Production No. 17:**   All Documents that You identified or relied upon in Your response to Plaintiff's Interrogatory No. 17 (Set One) which was directed to You and served concurrently herewith.

**Request for Production No. 18:**   All Documents that You identified or relied upon in Your response to Plaintiff's Interrogatory No. 18 (Set One) which was directed to You and served concurrently herewith.

**Request for Production No. 19:**   All Documents that You identified or relied upon in Your response to Plaintiff's Interrogatory No. 19 (Set One) which was directed to You and served concurrently herewith.

**Request for Production No. 20:**   All Documents that You identified or relied upon in Your response to Plaintiff's Interrogatory No. 20 (Set One) which was directed to You and served concurrently herewith.

**Request for Production No. 21:**   All Documents that You identified or relied upon in Your response to Plaintiff's Interrogatory No. 21 (Set One) which was directed to You and served concurrently herewith.

**Request for Production No. 22:**   All Documents that You identified or relied upon in Your response to Plaintiff's Interrogatory No. 22 (Set One) which was directed to You and served concurrently herewith.

**Request for Production No. 23:**   All Documents that You identified or relied upon in Your response to Plaintiff's Interrogatory No. 23 (Set One) which was directed to You and served concurrently herewith.

**Request for Production No. 24:**   All Documents that You identified or relied upon in Your response to Plaintiff's Interrogatory No. 24 (Set One) which was directed to You and served concurrently herewith.

**Request for Production No. 25:**   All Documents which You understand as creating the Obligation and the amount due.

**Request for Production No. 26:**   Any contract or written agreement between You and the Creditor of the Obligation that You sought to collect from Plaintiff.

**Request for Production No. 27:**   All Documents which You understand as creating Your ownership of the Obligation or Your right to collect it. Included in this Request are any agreements between You and the person who sold or assigned the Obligation to You for collection.

**Request for Production No. 28:**   All Documents which You understand to memorialize the terms and conditions under which You attempted to collect the Obligation for or on behalf of the owner of the Obligation.

**Request for Production No. 29:**   All Documents You received from a Creditor concerning the Obligation.

**Request for Production No. 30:**   All Documents You sent to any Creditor concerning the Obligation.

**Request for Production No. 31:**   All Documents memorializing each effort or activity by You to collect the Obligation. Without limiting this Request, included are: (A) all records and notations of written or oral communications and of attempts to communicate with the Plaintiff; (B) copies of all written correspondence; (C) recorded telephone calls; and, (D) Live Messages.

**Request for Production No. 32:**   All recordings of telephone calls during the Term that were made by You to Consumers located in the State of New York in connection with Your attempt to collect a Debt.

**Request for Production No. 33:**   All recordings of telephone calls during the Term that were made by Consumers located in the State of New York to You in connection with Your attempt to collect a Debt.

**Request for Production No. 34:**   All recordings of telephone calls during the Term that were made by You to Consumers located within the telephonic area code "631" in connection with Your attempt to collect a Debt.

**Request for Production No. 35:**   All Documents describing Your typical, intended, or expected procedures for collection of a Debt.

**Request for Production No. 36:**     All templates and form letters, enclosures, and memoranda used by You or an Agent during the Term to create written Communications with Consumers.

**Request for Production No. 37:**     All Documents which You used as training materials, operations manuals, standard operating procedures, policies, or practices concerning any Collector's communications with Consumers. Without limiting this Request, included are instructions given to Collectors concerning the content of Voice Messages (including, but not limited to Live Messages), preparing/sending written Communications, and engaging in telephone Communications with Consumers.

**Request for Production No. 38:**     All Documents reflecting Your policies concerning the content of Live Messages.

**Request for Production No. 39:**     All Documents reflecting Your policies concerning procedures for approving scripts for Live Messages.

**Request for Production No. 40:**     All Documents reflecting Your policies concerning the leaving of Live Messages for Consumers.

**Request for Production No. 41:**     All Documents reflecting Your policies concerning the monitoring of telephone Communications between Your Collectors and Consumers.

**Request for Production No. 42:**     All Documents reflecting the identities of all Consumers in the State of New York with whom You left at least one Live Message during the Term.

**Request for Production No. 43:**     All Documents reflecting the identities of all Consumers within the telephonic area code "631" with whom You left at least one Live Message during the Term.

**Request for Production No. 44:** All Documents reflecting the identities of all Consumers in the State of New York with whom You engaged in a telephone Communication during the Term.

**Request for Production No. 45:** All Documents reflecting the identities of all Consumers within the telephonic area code "631" with whom You engaged in a telephone Communication during the Term.

**Request for Production No. 46:** Your organizational chart.

**Request for Production No. 47:** All Documents describing Your Document or record retention and disposal policies.

**Request for Production No. 48:** All of Your financial statements covering the past four years, including the most recently completed fiscal year. Financial statements include, but are not limited to, balance sheets, net worth statements, income statements, and profit and loss statements.

**Request for Production No. 49:** All of Your federal tax returns, including all schedules and documents referenced therein, covering the past four years.

**Request for Production No. 50:** All of Your state tax returns, including all schedules and documents referenced therein, covering the past four years.

**Request for Production No. 51:** All of Your local tax returns, including all schedules and documents referenced therein, covering the past four years.

**Request for Production No. 52:** Copies of all loan applications, or applications for the extension of credit, that You submitted to any banking or financial institution during the past four years.

**Request for Production No. 53:** All Documents You submitted to any governmental authority in connection with Your registration with or licensing by such authority and submitted within two years prior to the filing of the complaint in this Action.

**Request for Production No. 54:** A copy of all Documents that You provided, or submitted to, any state or local department of consumer affairs within New York in connection with any application to become a licensed Debt Collector.

**Request for Production No. 55:** A copy of all Documents that You provided, or submitted to, any state or local department of consumer affairs within the telephonic area code "631" in connection with any application to become a licensed Debt Collector.

**Request for Production No. 56:** All Documents that support the First Affirmative Defense that is pleaded in Your Answer [Doc. 3].

**Request for Production No. 57:** All Documents that support the Second Affirmative Defense that is pleaded in Your Answer [Doc. 3].

DATED:    Fresh Meadows, New York
          September 7, 2012

*s/ William F. Horn*
William F. Horn, Esq. (WH-1070)
LAW OFFICE OF WILLIAM F. HORN
188-01B 71st Crescent
Fresh Meadows, NY 11365
Telephone: (718) 785-0543
Facsimile:  (866) 596-9003
E-Mail: bill@wfhlegal.com

*Attorney for Plaintiff, John T. Corpac, and all others similarly situated*