# Law Office of William F. Horn

188-01B 71st Crescent
Fresh Meadows, New York 11365
Telephone: (718) 785-0543
Facsimile: (866) 596-9003
bill@wfhlegal.com

December 3, 2012

Hon. Leonard D. Wexler, U.S.D.J.
UNITED STATES DISTRICT COURT
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

   Re: *John T. Corpac, et al. v. Asset Maximization Group, Inc., et al.*
      E.D.N.Y. Case. No.:  2:12-cv-01187-LDW-ARL

Dear Senior Judge Wexler:

I am co-counsel of record for the Plaintiff in the referenced matter. I am writing pursuant to Your Honor's Individual Practice Rule 2.B and this Court's Scheduling Order [Doc. 6] to request a pre-motion conference with respect to Plaintiff's desire to file a Fed. R. Civ. P. 56 motion for summary judgment.

*Procedural History*

On March 9, 2012, Plaintiff filed this putative class action against Defendants. [Doc. 1]. On April 16, 2012, Defendants filed their Answer to Plaintiff's Complaint. [Doc. 3]. Plaintiff's complaint specifically alleges that Defendants' collection practices violate the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.* ("FDCPA") by, *inter alia*:

  (a) Leaving telephonic voice messages for Plaintiff and other similarly situated consumers, which fail to provide meaningful disclosure of Defendant Asset Max's identity, disclose the purpose or nature of the communication (i.e. an attempt to collect a debt), and disclose that the call is from a debt collector; and

  (b) Engaging consumers and other persons in an attempt to collect debts and obtain information about consumers wherein Defendants fail to disclose at the outset of those communications that a third person(s) is secretly monitoring and/or recording the communication.

Pursuant to this Court's Order, discovery closed on November 16, 2012. [Doc. 6]. Defendants declined to serve any discovery or take any depositions whatsoever. By contrast, Plaintiff did serve Defendants with written discovery including Interrogatories, Requests for Production of Documents, and Requests for Admission. Defendants' counsel has repeatedly informed

Hon. Leonard D. Wexler, U.S.D.J.
*Re:   Corpac v. Asset Maximization Group, Inc., et al.*
December 3, 2012
Page 2 of 3

Plaintiff's counsel that Defendants' litigation strategy is to simply "not litigate" this case or in any way participate in discovery. To that end, and consistent with Defendants' professed litigation strategy, Defendants admitted in discovery all facts necessary for Plaintiff to establish liability regarding his individual and class FDCPA claims. Defendants have further admitted that, not withstanding their Answer to Plaintiff's complaint, they have no affirmative defenses to Plaintiff's individual or class claims.

Although Defendants, through their counsel, profess their desire to settle this case they have since the inception of this lawsuit refused all Plaintiff's efforts to meet and confer, provide even a sliver of discovery, or even extend a settlement offer. Still, Defendants continue to oppose Plaintiff's efforts on behalf of the Court and Plaintiff to bring this case to a quick and efficient conclusion via motions for class certification and summary judgment.

### *Legal Basis for Plaintiff's Motion for Summary Judgment*

The Defendants have admitted leaving telephonic voice messages for the Plaintiff and other similarly situated consumers, which uniformly failed to: (1) provide meaningful disclosure of Asset Max's identity; (2) disclose the purpose or nature of the communication (i.e. an attempt to collect a debt); and (3) disclose that the call is from a debt collector. The Defendants' foregoing types of telephonic voice messages unquestionably violate 15 U.S.C. §§ 1692d(6) and 1692e(11). *See e.g., Warren v. Sessoms & Rogers, P.A.*, 676 F.3d 365, 373-74 (4th Cir. 2012); *Edwards v. Niagara Credit Solutions, Inc.*, 586 F. Supp. 2d 1346 (N.D. Ga. 2008), *aff'd* on other grounds, 584 F.3d 1350 (11th Cir. 2009); *Hosseinzadeh v. M.R.S. Associates*, 387 F. Supp. 2d 1104 (C.D. Cal. 2005); *Foti v. NCO Fin Sys, Inc.*, 424 F. Supp. 2d 643 (S.D.N.Y. 2006); *Leyse v. Corporate Collection Services*, 2006 U.S. Dist. LEXIS 67719 (S.D.N.Y., Sept. 18, 2006); *Ostrander v. Accelerated Receivables*, 2009 U.S. Dist. LEXIS 27321, *16-18 (W.D.N.Y. March 31, 2009); *Krapf v. Collectors Training Inst. of Ill.*, Inc., 2010 U.S. Dist. LEXIS 13063 (W.D.N.Y. Feb. 16, 2010); *Pifko v. CCB Credit Servs.*, 2010 U.S. Dist. LEXIS 69872 (E.D.N.Y. July 7, 2010).

The Defendants' have further admitted their conduct of permitting a third party to secretly monitor and record its debt collection communications between consumers and its debt collectors -- without the consumer's knowledge or consent -- unquestionably violates 15 U.S.C. §§ 1692e and 1692e(10). *See e.g., Thomasson v. GC Servs. Ltd. P'ship.*, 321 Fed. Appx. 557, 559 (9th Cir. 2008); see also, *Cali v. Asset Acceptance, LLC*, E.D.N.Y. Case No. 2:05-cv-04858-JS-AKT (holding plaintiff consumer had stated an FDCPA claim where defendant debt collector engaged in non-consensual recording of its telephone conversations with consumers).

Plaintiff has already prepared his Fed. R. Civ. P. 56 motion for summary judgment.

Accordingly, Plaintiff respectfully requests that Your Honor schedule a pre-motion conference with respect to Plaintiff's desire to file a motion for summary judgment. Alternatively, and in the interest of judicial economy, Plaintiff respectfully requests that Your Honor simply enter a briefing schedule and permit Plaintiff leave to file his prepared motion for summary judgment.

Hon. Leonard D. Wexler, U.S.D.J.
*Re:   Corpac v. Asset Maximization Group, Inc., et al.*
December 3, 2012
Page 3 of 3

We thank Your Honor for your consideration in this matter.

Very truly yours,
<u>*s/ William F. Horn*</u>
William F. Horn
*via ECF Filing Only*
cc:       All Attorneys of Record *via ECF Filing*