**MEL S. HARRIS AND ASSOCIATES, LLC**

| | | |
|---|---|---|
| MEL S. HARRIS | ATTORNEYS AT LAW | HILARY KORMAN |
| DAVID WALDMAN | 5 HANOVER SQUARE, 8th FLOOR | JOEL VAGO |
| ARTHUR SANDERS | NEW YORK, NY  10004 | SHELBY K. BENJAMIN |
| SCOTT WORTMAN | Tel:  (212) 660-1050 | RACHEL D. HISLER |
| | Fax:  (646)454-2104 | |

December 7, 2012

Judge Leonard D. Wexler
United States District Court
Eastern District of New York
944 Federal Plaza
Central Islip, New York 11722-4451

**Re:  John Corpac v. Asset Maximization Group, et al.**
     Docket #: 12-1187

Dear Judge Wexler:

Please be advised that this office represent the defendants in the above-captioned matter.  This letter is written in opposition to correspondence from plaintiff's counsel, which seeks to file a Rule 56 Motion for Summary Judgment.

The correspondence of December 3, 2012 from plaintiff's counsel to the Court fails to acknowledge that plaintiff has already attempted to file a class-certification motion.  On November 27th, the undersigned responded by writing a letter to the Court pointing out plaintiff's apparent failure to follow your rules with respect to that motion, as plaintiff's counsel never did send a pre-motion letter.

In addition, plaintiff's counsel has failed to inform the Court that the previous motion to compel was denied by Magistrate Lindsay, for his failure to meet and confer before making his application.

With respect to the facts of this case, plaintiff fails inform the Court of the following:
1. There are no actual damages being sought in plaintiff's complaint.  The damages being sought are class-action damages based upon a phone call that allegedly violated the statute.
2. Plaintiff's counsel was informed, early in the case, that the defendant collection agency had a negligible net worth.  It has only a few employees and one corporate officer.  It was because of the negligible net worth and lack of actual damages, that defendant was interested in resolving this matter on an individual basis.
3. Plaintiff's counsel served extensive discovery demands, despite his failure to send over the telephone recording at issue.  Had he sent over the telephone recording, defendant would have been willing to drop its defenses on the issue of liability.  It was plaintiff's obligation to provide that recording in his Rule 26 Disclosures and promised to do so earlier in the case.  Plaintiff has still not forwarded the recording.

(continued)

December 7, 2012                           -2-                    To: Judge Leonard D. Wexler
Re: John Corpac v. Asset Maximization Group, et al.

There's no reason for plaintiff to proceed with two separate motions. The need for a summary judgment motion can be eliminated if plaintiff sends the allegedly offending recording to this office and permits this office to analyze its contents and confer with the defendant. If, in fact, plaintiff has proof of defendant's non-compliance with the Fair Debt Collection Practices Act, defendant will admit liability and seek a conference with respect to plaintiff's ill-advised motion on class certification.

Thank you for your consideration.

Sincerely,

MEL S. HARRIS & ASSOCIATES, LLC

By: Arthur Sanders
AS/dac